IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDDIE TILMON, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| vs. | ) CIVIL NO.  03-533-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 00-30029-GPM |
| | ) |
| Respondent/Plaintiff. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This case has followed a tortuous path since it was first filed in August 2003. Notwithstanding Petitioner Freddie Tilmon's arguments, the Court found that his Section 2255 petition was time-barred and denied the motion. A series of post-judgment motions were also denied, and Tilmon then appealed. The Seventh Circuit eventually determined that the Section 2255 motion had been filed to challenge Tilmon's conviction in 2000, *see United States v. Tilmon*, Case No. 00-CR-30029 (S.D. Ill., filed Feb. 23, 2000), rather than his 1993 conviction. *United States v. Tilmon*, Case No. 92-CR-30156 (S.D. Ill., filed Dec. 16, 1992). The Circuit noted, however, that this Court's misinterpretation was understandable, "because Tilmon erroneously captioned the motion under his 1993 case...." *See Tilmon v. United States*, Appeal No. 04-3659 (7th Cir., filed March 8, 2004). Therefore, the Court's judgment was vacated, and this action was remanded to consider the Section 2255 motion as attacking the 2000 conviction. Tilmon then was granted leave to file a supplemental memorandum, and the Court begins anew to consider Tilmon's claims. As shown below, Tilmon's victory is short-lived.

### **PROCEDURAL BACKGROUND OF CRIMINAL CASE**

On November 6, 2000, pursuant to a plea agreement,[1] Tilmon was sentenced to 262 months imprisonment on one count involving the distribution of cocaine; that sentence was to run consecutively to the sentence for his parole violation in his 1992 criminal case. No appeal was filed and, more than two years later, Tilmon filed a motion to reduce sentence, pursuant to Federal Rule of Criminal Procedure 35 (Doc. 63, criminal case, filed March 27, 2003). That motion was denied, and Tilmon then filed this action.

### **ARGUMENTS RAISED**

The instant motion presents no specific grounds for granting relief under Section 2255. Instead, in his motion (Doc. 1) and in the supplemental memorandum (Doc. 30), Tilmon argues that the statute of limitations should be tolled so that he may file a complete memorandum expanding on all the issues to be raised in a Section 2255 motion.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under Section 2255 could be brought at any time. As Petitioner recognizes, however, since the Act was passed on April 24, 1996, Section 2255 now provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

[1] As part of his plea agreement, Tilmon waived his right to challenge his sentence through either a direct appeal or collateral attack pursuant to 28 U.S.C. § 2255 (*see* ¶ II.11, Doc. 36, criminal case).

>United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). In the instant case, Tilmon was sentenced on November 6, 2000, and no other action was taken. Therefore, for purposes of Section 2255, Tilmon's conviction became final in December 2000, *see* 28 U.S.C. § 2101(b), and his Section 2255 motion must have been filed within a year, or by December 2001.

Tilmon relies on the fourth statutory provision as a basis for tolling the statute of limitations. He argues that the statute of limitations should be tolled due to (1) ineffective assistance of counsel at the time of his sentencing three years ago, (2) his emotional trauma, (3) his limited education, (4) a lack of access to legal resources, and (5) a lack of understanding of the ramifications of his plea agreement. The Court finds, however, that none of these arguments establishes that Tilmon has exercised due diligence in attempting to discover any facts that would provide a basis for undermining his 262-month sentence.

Petitioner claims that immediately after sentencing, he instructed counsel to file a notice of appeal; the record indicates that no appeal was ever filed on Tilmon's behalf. Almost two years later, in October 2002, Tilmon wrote to the Court to determine if an appeal had been filed.

Apparently he received no response to his inquiry, but another ten months elapsed before he filed his application for leave to file a delayed motion; that pleading was used to open this action on August 12, 2003.

In his memorandum, Tilmon argues that the limitations period did not start to run until October 28, 2002, the date he wrote to the Court regarding counsel's inadequate performance. As he correctly points out, in order to benefit from this exception, he must demonstrate that he exercised due diligence in discovering this information. In support of his position, he relies on *Montenegro v. United States*, 248 F.3d 585, 592 (7th Cir. 2001), *partially overruled on other grounds by Ashley v. United States,* 266 F.3d 671 (7th Cir. 2001). In *Montenegro*, six months after sentencing the defendant obtained the docket sheet, which revealed that no appeal had been filed. The Seventh Circuit found that Montenegro had *not* exercised due diligence and stated: "[t]hat an appeal had not been filed was a matter of public record, 'which reasonable diligence could have unearthed.'" *Montenegro*, 248 F.3d at 593 (quoting *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)).

Tilmon claims that, unlike Montenegro, he demonstrates due diligence by his "repeated inquiries" directed to his attorney that apparently were ignored. However, almost **two years** elapsed before Tilmon ever contacted this Court regarding the filing of any appeal. And when he did not receive a response to that initial inquiry, what did he do? He waited another **ten months** before filing a request to toll the statute of limitations. Such a time lapse hardly constitutes due diligence.

An argument for equitable tolling of the statute of limitations is also implicit in Tilmon's motion. Equitable tolling is "the judge-made doctrine, well-established in federal common law, that excuses a[n] [un]timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on

time." *Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999). Tilmon argues that he was emotionally distraught, and he did not have access to proper legal assistance in the prison law library until mid-2003. Legal assistance, however, is not needed in order to direct an inquiry to the court regarding the filing of an appeal. Further, the Seventh Circuit considered similar claims in *Montenegro*:

> Montenegro argues that the statute of limitations should be equitably tolled for him in light of the barriers he faced in discovering the lack of effective assistance of counsel. He argues that the barriers he faced in learning that his appeal had not been filed constitute extraordinary circumstances – circumstances of the kind that warrant equitable tolling. These are the same grounds that Montenegro hoped to use to excuse his lack of due diligence: he never got a response from Kostich to his letter; he was unable to understand the docket sheet Kostich mailed to him because of the language barrier; he was never consulted on the possibility of an appeal; he had limited education and a lack of knowledge of the United States legal system; and he was being transferred from one prison to another. These do not constitute the kind of extraordinary circumstances that justify equitable tolling, which "is granted sparingly.... Extraordinary circumstances far beyond the litigant's control must have prevented timely filing."

*Montenegro*, 248 F.3d at 594 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). If the circumstances faced by Montenegro did not support the equitable tolling of the statute of limitations, the circumstances faced by Tilmon certainly do not.

## CONCLUSION

Tilmon has not provided an adequate basis for this Court to toll the statute of limitations for filing a Section 2255 motion regarding his 2000 conviction. Therefore, the Section 2255 motion is time-barred and, as such, it is **DENIED**. This action is, once again, **DISMISSED** on the merits.

**IT IS SO ORDERED.**

DATED: 02/15/06

                                               s/ G. Patrick Murphy
                                               G. PATRICK MURPHY
                                               Chief United States District Judge